Sureda, Plaintiff and Appellant, *v.* Sureda, Defendant and Respondent.

Appeal from the District Court of Mayagüez in an Action for Divorce.

No. 1332.—Decided July 7, 1915.

Divorce—Venue—Domicil of Defendant.—There is nothing in the Code of Civil Procedure which fixes the venue of an action for divorce and in the absence

of an express provision on this point the case should be tried in the district where the defendant resided when the action was begun, in accordance with section 81 of the Code of Civil Procedure.

DOMICIL—INTENTION—TRANSIENT.—A resident is a person coming into a place with the intention of establishing his domicil or permanent residence and who in consequence actually remains there. If the said intention to estab-. lish a domicil or fixed residence is lacking, the person is a mere transient.

ID.—PRESUMPTION.—The wife's domicil is presumed to be the same as that of the husband and that presumption continues until it is shown that the wife has a separate domicil of her own or until she is enabled by means of a judicial decree of divorce or separation to acquire a domicil of her own.

DIVORCE—DOMICIL—ABANDONMENT OF DOMICIL—VENUE.—The act of the wife in abandoning the conjugal domicil in violation of the duties imposed by sections 156 and 158 of the Civil Code cannot confer upon her the right to be sued for divorce in the district in which she illegally resides.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

*Mr. Manuel Tous Soto* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Cristóbal Sureda brought an action for divorce against his wife, Palmira Sureda, in the District Court of Mayagüez. alleging as grounds therefor that the defendant had been guilty of offensive language and acts of cruelty toward him and had abandoned him in the month of June, 1913, with the deliberate intention of not returning to live with him, for on that date she left their home in the said city and went to live in the city of Ponce, all marital relations between them having ceased completely.

The defendant filed a motion in the Mayagüez court for a transfer of the case to the Ponce district, alleging in an affidavit of merits that she was a resident of that city and lived there with her mother; that she had good grounds of defense and that in applying for said transfer she acted in good faith and without any desire to obstruct the ends of justice. Besides the said affidavit of merits a general demurrer to the complaint accompanied the motion.

The plaintiff opposed the motion, stating under oath that his *bona fide* residence is Mayagüez, where he has resided

for the last fourteen years and where he married the defendant and established their home, which the defendant abandoned without the plaintiff's consent, she having lived since then in other parts of the island besides the city of Ponce, where, he was informed and believed, she has been living since December, 1914.

The Mayagüez court sustained the motion in its decision of May 14, 1915, ordering that the case be transferred to the District Court of Ponce, there to be proceeded with, on the ground that the defendant was a resident of the municipal judicial district of Ponce. From that decision the plaintiff took the present appeal.

As grounds of appeal the appellant alleges that the District Court of Mayagüez erred in holding that the defendant is a resident of Ponce inasmuch as she failed to state in her affidavit of merits that she has a *bona fide* residence in that city or how long she has resided there, and also because, according to subsection 5 of section 11 of the Political Code, the domicile of the husband is presumed to be that of the wife.

There is nothing in the Code of Civil Procedure which fixes the venue of an action for divorce, and, in the absence of an express provision on this point, the case should be tried in the district where the defendant resided when the action was begun, in accordance with section 81 of the Code of Civil Procedure.

"A 'resident' is a person coming into a place with intention to establish his domicile or permanent residence, and who in consequence actually remains there." 3 Words and Phrases Judicially Defined, page 2178.

If the said intention to establish a domicile or fixed residence is lacking, the person is a mere transient.

We are of the opinion that the defendant cannot be considered as a resident of Ponce within the accepted legal

meaning of that term for the purposes of the statute cited. She can have no other domicile than that of her husband and the Civil Code confers upon her no right to select any she pleases.

Section 156 of the said code prescribes that the husband and wife shall live together and that they owe to each other mutual fidelity and assistance, and section 158 provides that the wife shall obey her husband and follow him wherever he elects to reside.

Subdivision 5 of section 11 of the Political Code provides that the domicile of the wife is presumptively the same as that of the husband, and that presumption continues until it is shown that the wife has a separate domicile of her own, which does not occur in the present case, for although it appears that the defendant resides in Ponce, that residence cannot constitute her legal domicile until she is enabled by means of a judicial decree of divorce or separation to acquire a domicile of her own.

An unlawful act on the part of the defendant, as is that of abandonment of the conjugal domicile in violation of the duties imposed by said sections 156 and 158 of the Civil Code, cannot confer upon the defendant the right to be sued in the district in which she illegally resides. Her lawful residence is Mayagüez, where her husband resides, and up to the present she does not appear to have any legal ground for living apart from her husband, the plaintiff.

For the foregoing reasons the decision appealed from should be reversed and the case remanded for trial to the District Court of Mayagüez in which the complaint was filed.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.